UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN PEIXOTO,
    Petitioner,

v.                                             Civil Action No. 05-10510-RCL

LUIS SPENCER,
    Respondent.

### RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED

The respondent, Luis Spencer, respectfully submits this memorandum of law in support of his motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Brian Peixoto ("Peixoto"). The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions, which is contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Peixoto had to file his federal habeas petition before the lapse of the one year statute of limitations on April 25, 2001. However, Peixoto did not bring this petition until March 10, 2005, more than four years after the limitation period lapsed. Moreover, the statute of limitations was not tolled at any point between April 25, 2000 and April 25, 2001. Accordingly, the petition is untimely and should be dismissed.

### PRIOR PROCEEDINGS

On March 7, 1997, a Bristol County jury convicted Peixoto of murder in the first degree and he was subsequently sentenced to natural life imprisonment. *See* Habeas Petition at 2. On January 25, 2000 the Supreme Judicial Court for Massachusetts affirmed the conviction.

*Commonwealth v. Peixoto*, 430 Mass. 654 (2000).

On July 16, 2001, one year and three months after the conviction became final, Peixoto filed his first motion for new trial. *See* Exhibit A at 3. That motion was denied on January 22, 2002 by Hely, J. *Id.* On February 4, 2002, Peixoto filed a notice of appeal from the denial of his motion for new trial. *Id.* On October 25, 2002, Peixoto file a second motion for new trial which was denied on February 14, 2003 by Hely J. *Id.* On February 21, 2003, Peixoto filed a notice of appeal from the denial of his second motion for new trial. *Id.* The Supreme Judicial Court for Suffolk County, Ireland, J., denied Peixoto's application for leave to appeal under M.G.L. ch. 278, s. 33E on April 8, 2004. *Id.*

On March 10, 2005, five years after his conviction became final and four years after the lapse of the statute of limitations period, Peixoto filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the respondent hereby files this memorandum of law in support of the motion to dismiss.

## ARGUMENT

**A.     The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

Peixoto's petition for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which became effective April 24, 1996. That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation

period shall run from the latest of-

>   (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

In the instant case, the Supreme Judicial Court denied Peixoto's appeal from his conviction on January 25, 2000. *Commonwealth v. Peixoto*, 430 Mass. 654 (2000). Allowing ninety (90) days in which the petitioner could file a petition for a writ of certiorari with the United States Supreme Court, Peixoto's conviction became final on April 25, 2000. *See* 28 U.S.C § 2244(d)(1)(A). Peixoto had until April 25, 2001 to bring a habeas action in federal court. This federal habeas petition was not filed until March 10, 2005, five years after his conviction became final and four years after the lapse of the limitation period. Therefore, this petition is time-barred and must be dismissed. *See* 28 U.S.C. § 2244(d); *see also Lattimore v. Dubois*, 311 F.3d 46, 53-54 (1st Cir. 2002)(holding that a petition filed even one day late for the statute of limitations deadline must be dismissed as untimely).

**B.      The Tolling Provision Set Forth in 28 U.S.C. § 2244(d)(2) Does Not Apply Where Peixoto Failed to Initiate State-Court Proceedings Before April 26, 2001.**

Furthermore, Peixoto is not entitled to rely on the tolling provision set forth in 28 U.S.C. § 2244(d)(2) where he failed to initiate state-court proceedings before April 26, 2001. That section tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." *Id*. Peixoto did not file his first motion for new trial until July 16, 2001. *See* Exhibit A at 3. That motion was succeeded by numerous other motions and appeals. *Id*. Since all of those events occurred after the one (1) year statute of limitations elapsed on April 25, 2001, they have no impact on the timeliness of Peixoto's petition. *See, e.g., Demars v. General Dynamics Corp.*, 779 F.2d 95, 98 n.2 (1st Cir. 1985) (no tolling where event occurred outside limitations period). Consequently, the statute of limitations was not tolled and Peixoto's petition is untimely.

## CONCLUSION

For the reasons set forth above, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that it is time-barred.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

Cathryn Neaves
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2557
BBO # 556798

Dated: May 26, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner, Brian Peixoto, on May 26, 2005, by depositing the copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Brian Peixoto, MCI-Norfolk, P.O. Box 43, 2 Clark Street, Norfolk, Massachusetts 02056.

Cathryn A. Neaves

**Exhibit A**

# Commonwealth of Massachusetts
## SUPERIOR COURT
## Case Summary
## Criminal Docket

## Commonwealth v Peixoto, Brian J.

Details for Docket: BRCR1996-00106

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | BRCR1996-00106 | **Caption:** | Commonwealth v Peixoto Brian J. |
| **Entry Date:** | 03/20/1996 | **Case Status:** | Crim 1 Ctrm 1 -upper (Ne Bedford) |
| **Status Date:** | 03/07/1997 | **Session:** | Disposed |
| **Lead Case:** | NA | **Deadline Status:** | |
| **Trial Deadline:** | | **Jury Trial:** | NO |

## Parties Involved

3 Parties Involved in Docket: BRCR1996-00106

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Peixoto | **First Name:** | Brian J. |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Other interested party |
| **Last Name:** | FILE COPY | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Commonwealth | **First Name:** | |

**Address:**  
**City:**  
**Zip Code:**  
**Telephone:**  

**Address:**  
**State:**  
**Zip Ext:**  

## Attorneys Involved

2 Attorneys Involved for Docket: BRCR1996-00106

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | |
| **Last Name:** | Schubert | **First Name:** | Greg T |
| **Address:** | 1365 Main Street | **Address:** | |
| **City:** | Springfield | **State:** | MA |
| **Zip Code:** | 01103 | **Zip Ext:** | |
| **Telephone:** | 413-746-1313 | **Tel Ext:** | |
| **Fascimile:** | 413-746-3102 | **Representing:** | Peixoto, Brian J. (Defendant) |

| | | | |
|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | BRIS01 |
| **Last Name:** | Dupuis | **First Name:** | Renee P |
| **Address:** | 888 Purchase Street | **Address:** | |
| **City:** | New Bedford | **State:** | MA |
| **Zip Code:** | 02740 | **Zip Ext:** | |
| **Telephone:** | 508-997-0711 | **Tel Ext:** | |
| **Fascimile:** | 508-997-0396 | **Representing:** | Commonwealth, (Plaintiff) |

## Calendar Events

No Calendar Events found for Docket: BRCR1996-00106.

There are currently no calendar events associated with this case.

## Full Docket Entries

16 Docket Entries for Docket: BRCR1996-00106

**Entry Date:**     **Paper No:**     **Docket Entry:**

| Date | No. | Description |
|---|---|---|
| 03/07/1997 | | Status at conversion |
| 03/07/1997 | | RE Offense 1:Guilty verdict |
| 07/16/2001 | 76 | Motion by Deft: for New Trial; Supporting Memorandum (forwarded to Hely, J.) |
| 01/23/2002 | 77 | MEMORANDUM & ORDER: The motion for a new trial is denied. January 22, 2002. (Charles J. Hely, Justice) |
| 02/04/2002 | 78 | NOTICE of APPEAL FILED by Brian J. Peixoto, regarding the Denial of the Deft.'s Motion for New Trial |
| 10/25/2002 | 79 | Defendant's motion for new trial; Memorandum of law in support; Affidavit of Ronald S. Ebert, Ph.D. (sent to Judge Hely) |
| 02/14/2003 | 80 | MEMORANDUM & ORDER: The defendant's second motion for a new trial is denied. February 14, 2003, (Hely,J) |
| 02/21/2003 | 81 | NOTICE of APPEAL FILED by Brian J. Peixoto (re: denial of defendant's motion for new trial) |
| 04/08/2004 | 82 | Rescript received from SJC; judgment AFFIRMED ORDER: denying application under c 278, s. 33E for leave to appeal. (Ireland, J) |

## Charges

1 Charges for Docket: BRCR1996-00106

| No. | Charge Description: | Indictment: | Status: |
|---|---|---|---|
| 1 | Murder | | Guilty verdict |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.