UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                   )
BRIAN PEIXOTO,                     )
         Petitioner                )
                                   )
v.                                 )     Civil Action No.  05-10510-RCL
                                   )
LUIS SPENCER,                      )
         Respondent                )
_____)
```

**ORDER ON RESPONDENT'S MOTION TO DISMISS THE PETITION**

This is a case arising from a petition filed by Brian Peixoto (the "petitioner") for habeas corpus relief pursuant to 28 U.S.C. §2254.  The petition asserts, as grounds for relief, ineffective assistance of trial counsel in the failure to object to the introduction of extensive inadmissible hearsay; ineffective assistance of trial counsel in the failure to object to the introduction of prejudicial recitations of the victim's injuries; insufficient evidence to support a conviction beyond a reasonable doubt; and ineffective assistance of appellate counsel in the failure to raise the above grounds in proceedings that followed the conviction.  The petitioner asserts all of these grounds pursuant to the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.  The respondent has moved to dismiss the petition on the ground that it is time-barred.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation period with respect to habeas petitions filed in federal court by state prisoners; the period begins to run from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The respondent and petitioner agree that the petitioner's conviction became final

on April 25, 2000. The petition, however, was not filed until March 10, 2005, almost four years after the expiration of the period of limitations.

The petitioner filed a motion for new trial in state court on July 16, 2001; this collateral attack on his conviction was pending until April 8, 2004. AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, collateral proceedings begun after the statute of limitations has already expired do not toll the statute of limitations. *See Delaney v. Matesanz,* 264 F.3d 17, 11 (1st Cir. 2001); *Frye v. Nelson*, 231 F. Supp. 2d 394, 395 (D. Mass. 2002). Because the petitioner's state motion was not filed until almost three months after the AEDPA limitation period expired, it does not toll the statute of limitations.

The petitioner argues that he is entitled to equitable tolling of the statute of limitations, on the grounds that his state appellate lawyer "misled the petitioner into believing that post-conviction relief efforts were indeed underway." (Petr.'s Br. 1.) While the one-year AEDPA statute of limitations may be subject to equitable tolling, such a remedy will rarely be appropriate. *Neverson v. Farquharson*, 366 F.3d 32, 41-42 (1st Cir. 2004) The petitioner, as the party seeking to invoke equitable tolling, "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005). The petitioner's reply submission does not meet this burden, as it fails to set forth any evidentiary basis or argument for why he deserves the extraordinary remedy of equitable tolling beyond the single line quoted above.

Accordingly, the respondent's motion to dismiss the petition is **conditionally granted**. The petitioner will have thirty-five (35) days from the date of this order to show cause why the dismissal of his petition should not be made final. To succeed, the petitioner must provide the court with specific factual information, by affidavit or otherwise, substantiating his assertion that his state appeals lawyer misled him about the status of his state appeals, and further that this behavior was so egregious as to constitute an "extraordinary circumstance" to justify equitable tolling. The petitioner must also provide specific factual information demonstrating that he acted with reasonable diligence in attempting to file his post-conviction appeals in a timely manner.

If the petitioner does not respond within thirty-five (35) days, or if his response is insufficient to demonstrate that equitable tolling is appropriate, then the dismissal of his petition will be made final. If the petitioner responds as permitted by this order, the respondent shall have 35 days to reply to the petitioner's response.

SO ORDERED.

/s/ REGINALD C. LINDSAY
United States District Judge

DATED: October 24, 2005