UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                       |   |                               |
|-----------------------|---|-------------------------------|
| BRIAN PEIXOTO,        | ) |                               |
| Petitioner,           | ) |                               |
|                       | ) |                               |
| v.                    | ) | Civil Action No. 05-10510-RCL |
|                       | ) |                               |
| LUIS SPENCER,         | ) |                               |
|                       | ) |                               |

**RESPONDENT'S REPLY TO PETITIONER'S MOTION IN OPPOSITION
OF THE COURT'S ORDER OF DISMISSAL**

Luis Spencer ("respondent") respectfully submits this reply to Brian Peixoto's ("petitioner") motion in opposition to the Court's October 24, 2005 order conditionally granting respondent's motion to dismiss the petition for habeas corpus as time-barred.  The petitioner has failed to prove that equitable tolling is warranted where he has failed to show that the actions of his state appellate attorney were so egregious that they constituted an "extraordinary circumstance" beyond petitioner's control which prevented him from filing his petition on time and further, that he exercised diligence in the pursuit of his claims.  *See Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005).  Therefore the Court's October 24, 2005 order conditionally granting the respondent's motion to dismiss the petition for habeas corpus should be made final.

**A.     The Actions of Petitioner's Appellate Attorney Were Not So Egregious That They Constituted an "Extraordinary Circumstance" Beyond Petitioner's Controls Which Prevented the Timely Filing of His Habeas Petition.**

Although this Court has recognized that in very limited situations the one-year statute of limitations for filing a habeas petition may be equitably tolled, it has cautioned that the doctrine should be invoked only "sparingly" and is "justified only in extraordinary circumstances."

*Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004) (citations omitted). *See also David v. Hall*, 318 F.3d 343, 346 (1st Cir.), cert. denied, 540 U.S. 815 (2003)("If equitable tolling is available to extend 2244(d)'s limitations period, it can only do so for the most exceptional reasons"); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002)("We have made it pellucid" that if equitable tolling is permissible under 28 U.S.C. § 2244(d)(1), it may be invoked only in the most "extraordinary circumstances"); *Delaney v. Matesanz*, 264 F.3d 7 14-15 (1st Cir. 2001). Equitable tolling is "not available to rescue a litigant from his own lack of due diligence," and is appropriate "only when circumstances beyond the petitioner's control have prevented him from filing on time." *Neverson*, 366 F.3d at 42. Similarly, other circuits have curtailed the availability of equitable tolling in the context of habeas petitions. *See e.g., United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir 2000)("the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999)("[E]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(§2244(d)(1) can be tolled in "rare and exceptional circumstances").

The party seeking to invoke the equitable tolling doctrine "bears the burden of establishing the basis for it." *Neverson*, 366 F.3d at 41. *See also Pace*, 125 S.Ct. 1807, 1814. "Ignorance of the law alone, even for incarcerated *pro se* prisoners, does not excuse an untimely filing." *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002), cert. denied, 538 U.S. 966 (2003), citing *Delaney*, 264 F.3d at 15 (other citations omitted). Likewise, an attorney's error in not filing a timely habeas petition does not constitute grounds for equitable tolling. *See David*, 318

F.3d at 345-46; *see also Kreutzer v. Boweresox*, 231 F.3d 460, 463 (8th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

In the instant case, the petitioner has failed to show that the actions of his appellate attorney were so egregious that they constituted "extraordinary circumstances" which prevented him from timely filing his habeas petition. The petitioner asserts that equitable tolling is appropriate because his appellate attorney misled him regarding the status of his post conviction proceedings. *See* Pet. Opp. 1 at 1[1] In support of that contention, the petitioner provides affidavits by himself and other family members regarding the communications between petitioner and his post conviction counsel.

The petitioner fails to meet the arduous burden required for equitable tolling to be granted. As stated above, an attorney's error in not filing a timely habeas petition does not constitute grounds for equitable tolling. *David*, 318 F.3d at 345-46. The petitioner provides no reliable evidence that appellate counsel misled him into believing that his Rule 30 petition in state court had been filed prior to the lapse of the limitation period for habeas petitions. Petitioner relies on his and his families self-serving affidavits to show that appellate counsel gave the "distinct impression that the required filings were signed and mailed." See. Pet. Opp. 2. at Exh. 1 ¶ 5. The allegations contained in the affidavits offered to support the petitioners claim do not rise to the level of attorney misconduct necessary for a finding of equitable tolling.

Should this Court choose to credit the affidavits provided by the petitioner, the actions of petitioner's appellate counsel described in those affidavits would not constitute "extraordinary

---

[1]Petitioner's Opposition to Respondent's Motion to Dismiss will be cited as Pet. Opp. 1 at __. Petitioners Opposition to Order of Dismissal will be cited as Pet. Opp. 2 at __.

circumstance" for the purposes of equitable tolling. The petitioner was notified by previously retained counsel at the time the Supreme Judicial Court of Massachusetts denied his direct appeal that he had one-year to file his federal habeas petition. *See* Pet. Opp. 2 at Exh. 4 ¶ 5. The petitioner's parents retained the services of post conviction counsel in September of 2000. *See* Pet. Opp. 2 at Exh. 1. According to the petitioner, he allegedly told his counsel at the initial meeting that he wanted to file a habeas petition. *See* Pet. Opp. 2 at Exh. 4 ¶ 11. At that meeting counsel "informed [petitioner] that there would be a better chance of success if [they] filed a Rule 30 motion prior to filing a habeas petition." *Id*. at ¶ 12. The decision by the petitioner and his counsel to file the Rule 30 motion rather than the petition for habeas corpus was a strategic legal decision which the petitioner endorsed, if not by word, then by his actions. The petitioner could have requested that his counsel abandon the Rule 30 petition and file the habeas petition immediately. Further, the petitioner could have requested that appellate counsel file the habeas petition while the Rule 30 petition was pending and request a stay from this Court. The petitioner could also have retained new appellate counsel if his concerns about filing his habeas petition were not being entertained by his attorney at the time. Finally, the petitioner could have filed a petition for habeas corpus *pro se*. The petitioner provides no evidence that any of these options were attempted. The actions of petitioner's appellate counsel were not so egregious that they constituted an "extraordinary circumstance" beyond petitioner's control which prevented him from filing his petition on time where the decision to file a Rule 30 petition prior to the petition for habeas corpus was made for reasons of legal strategy and the petitioner had a number of available options which would have allowed him to file the habeas petition in a timely fashion.

B. **The Petitioner Is Not Entitled to Equitable Tolling Where He Has Not Shown That He Diligently Pursued His Claims.**

Moreover, even when "extraordinary circumstances" exist, a petitioner is not entitled to equitable tolling unless he can show he pursued his judicial remedies with diligence. *See, e.g., Pace*, 125 S.Ct. 1807, 1814; *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95 (1990); *Donovan*, 276 F.3d at 93-94 (habeas petitioner who did not diligently pursue his rights was not entitled to equitable tolling); *Bracket v. United States*, 270 F.3d 60, 71 (1st Cir. 2001), *cert. denied*, 535 U.S. 1003 (2002); *Trenkler v. United States*, 2687 F.3d 16, 25 (1st Cir. 2001); *Delaney*, 264 F.3d at 14 (recognizing diligence requirement). *See also Smaldone v. Senkowski*, 273 F.3d 133, 138 (2nd Cir. 2001)("[T]he petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled"). Here, the petitioner has not made a showing of diligence. The record is clear that the petitioner did not file the instant petition for habeas corpus until March 10, 2005. The petitioner, by his own admission, was aware that his Rule 30 motion was not filed in time to toll the statute of limitation for his habeas petition in July 2001. *See* Pet. Opp. 2 at Exh. 1 ¶ 19. Therefore, after becoming aware of his appellate counsel's failure to file prior to the AEDPA statute of limitations deadline, the petitioner waited an additional three years before filing his petition in Federal Court. The petitioner's failure to file his habeas petition until more than three years after he became aware of his appellate counsels failure to toll the statute of limitations shows a lack of "reasonably diligence" on the petitioner's part, and militates against a finding of equitable tolling. *See Neverson*, 366 F.3d at 43-44 (fact that petitioner delayed three years after the SJC's decision before bringing any challenge to conviction was reason to deny equitable tolling), *citing Delaney*,

264 F.3d at 14 ("equitable tolling not justified where, *inter alia*, petitioner waited until two years after his conviction became final, and ten months after AEDPA was enacted, to file a habeas petition")(as recited in *Neverson*). See also *David*, 366 F3d at 346 ("One of AEDPA's main purposes was to compel habeas petitions to be filed promptly after conviction and direct review .... To bypass these restrictions for reasons other than those given in the statute could be defended, if at all, only for the most exigent reasons"). The fact that appellate counsel told petitioner that his chance to file a habeas petition had lapsed has no bearing because a "reasonably diligent" petitioner would have researched the issue himself. Where the petitioner failed to diligently pursue his claims he is not entitled to equitable tolling.

WHEREFORE, the respondent respectfully requests that this Court find that petitioner is not entitled to equitable tolling and that the Court's October 24, 2005 order conditionally granting the respondent's motion to dismiss be made final.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

 /s/ Jonathan Ofilos
Jonathan Ofilos
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2634
BBO # 658091

Dated: December 27, 2005

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the petitioner, Brian Peixoto, on December 28, 2005, by depositing a copy in the office depository for collection and delivery by first-class mail, postage pre-paid, to him as follows: Brian Peixoto, *pro se*, MCI Norfolk, P.O. Box 43, 2 Clark Street, Norfolk, Massachusetts 02056.

                                                         /s/ Jonathan Ofilos
                                                         Jonathan Ofilos