UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRIAN PEIXOTO,<br>      Petitioner | )<br>)<br>)<br>) |  |
| v. | ) | Civil Action No.  05-10510-RCL |
| LUIS SPENCER,<br>      Respondent | )<br>)<br>)<br>) |  |

**ORDER ON RESPONDENT'S MOTION TO DISMISS HABEAS PETITION**

Before the court is a pro se petition of Brian Peixoto for habeas corpus relief. The petition challenges the petitioner's March 7, 1997 judgment of conviction of first degree murder in a Massachusetts state court. The respondent, Luis Spencer, has moved to dismiss the petition as time-barred by the Antiterrorism Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A). The petitioner acknowledges that the time for the filing of this petition, in strict terms, has expired, but he argues for the equitable tolling of the running of the AEDPA limitations period.

      AEDPA provides, in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1).

The one-year AEDPA statute of limitations may be subject to equitable tolling in appropriate cases. *Neverson v. Farquharson*, 366 F.3d 32, 41 (1st Cir. 2004). To invoke the benefit of equitable tolling successfully, a habeas petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005). The petitioner here fails in his invocation of equitable tolling, because he cannot establish that he has diligently pursued his rights.

The petitioner's conviction became final on April 25, 2000, but the instant petition was not filed until March 10, 2005, almost five years later. The petitioner claims that his lawyer affirmatively misled him about the progress of collateral challenges to his conviction in the state courts, including giving him an assurance in late March, 2001, that his motion for a new trial in state court, pursuant to Mass. Crim. P. Rule 30(b), had been filed. Assuming that such deception would qualify as an extraordinary circumstance meriting equitable tolling, *see Trenkler v. United States*, 268 F.3d 16, 25 (1st Cir. 2001), the running of the AEDPA clock would be tolled at eleven months of the one-year limitations period. The petitioner asserts that he discovered that his counsel had misled him in July of 2001. At that point, the AEDPA clock, with one month remaining, arguably began to run again. The petitioner did not file this petition, however, for

three and a half more years. One could argue that the AEDPA clock did not restart when the petitioner learned, in July, 2001, of the late filing of the motion for new trial, because the motion was then filed, and it tolled the running of the statute of limitations. *See* 28 U.S.C. §2244(d)(2). This collateral challenge of his conviction, however, was finally rejected by the state courts on April 8, 2004. The AEDPA clock certainly restarted at that point. It was not until over eleven months later, on March 10, 2005, that the petitioner filed the present petition. The petitioner's explanation for this delay – essentially that he was ignorant of the law – does not excuse his failure to act diligently to protect his rights. *Neverson*, 366 F.3d at 44; *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002).

      The conduct of the petitioner's counsel, if truthfully recounted in this case, is troubling. Any failure of counsel to file the petitioner's Rule 30(b) motion until after the AEDPA statute of limitations had run is problematic by itself. The petitioner's allegation that his counsel then affirmatively misled him by telling the petitioner that counsel had timely filed the motion for new trial is even more disturbing. While the alleged deficiencies of the petitioner's counsel may be appropriate for inquiry by the Board of Bar Overseers, they are not grounds, in this case, for relief from the strictures of the AEDPA limitations period.

      The order conditionally granting the respondent's motion to dismiss the petition as time-barred shall be made final. The clerk shall enter a judgment dismissing the petition and terminate this case on the court's docket.

      SO ORDERED.

                                                /s/ REGINALD C. LINDSAY

                                                                United States District Judge

DATED: February 2, 2006