UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Brian Peixoto,
    PETITIONER;

v.

Luis Spencer,
    RESPONDENT;

Civil Action No. 05-10510-RCL

MOTION FOR RECONSIDERATION

(F.R.Civ.P. Rule 59(e))

NOW COMES Brian Peixoto, petitioner in pro-se, and moves this honorable court to reconsider its "ORDER ON RESPONDENT'S MOTION TO DISMISS HABEAS PETITION" in accordance with, and pursuant to, F.R.Civ.P. 59(e), and in support thereof, submits as follows:

IN the court's order, Judge Lindsay allows that it is conceivable to allow the extraordinary award of "Equitable Tolling" up to, and including, April 8, 2004 without specifically granting such by judicial order. His honor proceeds thereafter to equate the petitioner's failure to timely file his Habeas Petition with the assumption that he was essentially "ignorant of the law," and rules that this does not excuse his failure to act diligently to protect his rights, citing Neverson, 366 F.3d at 44; Lattimore v. Dubois, 311 F3d 46, 55 (1st. Cir. 2002).

(2)

It is as to the determination that the petitioner was "ignorant of the law" that the petitioner would ask the court to reconsider, and would argue, that being ill-advised by-presumably-competent counsel, is not ignorance of law. When one considers ignorance of any subject, it is presumened that one is: 1) Lacking or displaying a lack of knowledge or education. 2) Not aware: uninformed (Webster's New Riverside Dictionary). To address the subject more specifically to the issue, "ignorantia juris non excusat," or ignorance of the law excuses no one. However, the petitioner submits that by following the advise of several competent attorneys, including his Appellate Counsel (Ex A), that the applicable standard should be, "ignorantia facti excusat," which is: "excusable under law whatever is done under mistaken impression of a material fact is excused" or provides grounds for relief (Blacks Law Dictionary 6th. Ed.).

Where the layman is aware of his ignorance regarding a subject matter, there exists a consciousness of his limited knowledge about a subject. If, on the other hand, the layman was advised by a respected authority as to the subject matter, and was ill-advised, one's actions would be controlled by the absolute factual knowledge. The petitioner contends that this premise is applicable in the case at bar.

Peixoto has provided this court with affidavits, and letters from counsel, in his former Motion, and restate those same claims incorporated herein. It is well supported that the petitioner was advised that his options for the filing of a Habeas Petition

(3)

had expired. Would the court have convicts crowding the court with frivolous filings? Obviously not.

Peixoto asserts that the court should apply his ignorance to "ignorance of fact" for the purpose of the instant Petition and Motion. Where the competent attorney's of the Massachusetts Bar, and even the prestigious Massachusetts Criminal Practice Volumes, fail to be aware of the availability of the rare and extraordinary provision of "equitable tolling," then surely this court can not abide by dismissing Peixoto's Petition for his ill-advised
 reliance.

For the above stated reasons, and the interest of justice, the petitioner Moves this court to Reconsider his Order for Dismissal, and grant an evidentiary hearing to affirm the allegations and assertions addressed herein-and within-his Memorandum in support of the granting of equitable tolling.

UNDER PAINS AND PENALTIES OF PERJURY

Respectfully Submitted,

_____

BRIAN PEIXOTO, pro-se

CERTIFICATE OF SERVICE

I, Brian Peixoto, do now certify that I caused to be served upon Ms. Cathryn Neaves, AAG Criminal Bureau / One Ashburton Place, Boston, MA 02108, a true copy of the above, MOTION FOR RECONSIDERATION, by placing of same in hands of Institutional mail officer for delivery by first class mail postage pre-paid to the above address on this 11th. day of February, 2006.

So Certified: _____